NOT DESIGNATED FOR PUBLICATION

No. 128,909

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RONALD GRELLY CRAYTON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY MCCARTHY, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jameson P. O'Connor*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., SCHROEDER, J., and JASON E. GEIER, District Judge, assigned.

PER CURIAM: Ronald Grelly Crayton Jr. timely appeals his conviction and sentence, claiming his constitutional speedy trial rights were violated following a bench trial at which he was found guilty of misdemeanor driving under the influence (DUI), third offense. Crayton asserts his trial was delayed for over five years, thus violating his constitutional speedy trial rights. After a careful and extensive review of the record, including the multiple continuances and delays caused by Crayton, we find no error by the district court and affirm.

1

In the early morning hours of January 3, 2019, a Merriam police officer pulled over Crayton for speeding and arrested him for DUI. Crayton submitted a breath sample within three hours of operating the vehicle and had a blood alcohol concentration of 0.194.

The State initially charged Crayton in 19CR44 with felony DUI, fourth offense, which was dismissed at the preliminary hearing because the State failed to establish Crayton had three prior DUIs to support the felony charge. The 19CR44 case file is not in the record on appeal.

On March 15, 2021, the State refiled the charge in 21CR676, charging Crayton with driving under the influence of alcohol, fourth offense, under K.S.A. 2018 Supp. 8-1567(a)(1)-(3), for the acts committed on January 3, 2019. Crayton's first appearance was on March 22, 2021, and the district court released him on bond. The district court scheduled Crayton's preliminary hearing on April 1, 2021. At Crayton's request, the district court continued the preliminary hearing to June 1, 2021. From here, the chronology of the continuances is long and hard to decipher.

On June 1, 2021, the district court held a preliminary hearing on the State's refiled charge and, before hearing the State's evidence, allowed the parties to address issues related to Crayton's prior out-of-state DUI convictions. The State presented evidence establishing Crayton was convicted of driving while intoxicated (DWI) in Erie County, New York, on January 17, 2006. The State also presented evidence showing that Crayton pled guilty to two counts of DWI in December 2007 in New York state. To support its position both convictions were separate offenses, the State provided the indictment showing one of the convictions stemmed from acts occurring on March 8, 2007, and the other from acts occurring on May 19, 2007. Crayton contested whether these two

convictions should count as separate offenses for criminal history purposes to support a felony DUI charge.

The district court took the matter under advisement to allow Crayton to further brief the issue and proceeded with the preliminary hearing to avoid delay in resetting another hearing. The district court set a motions hearing to address issues related to the prior out-of-state DWI convictions. On appeal, Crayton concedes the "hearing was rescheduled a number of times by the defense." The district court finally held the hearing on May 2, 2022.

At the motions hearing on May 2, 2022, Crayton explained to the district court he was not abandoning the issues but no longer intended to submit a brief. The district court found the State met its burden establishing probable cause a felony had been committed; Crayton pled not guilty and asked for a jury trial. The district court set the matter for pretrial conference on October 19, 2022, and jury trial on October 24, 2022.

A few days before the pretrial hearing, the State filed an amended complaint charging Crayton with misdemeanor DUI, third offense. The record is unclear but suggests the State may have amended the complaint based on confusion over the prior New York DWI convictions and another DUI in Edwardsville, Kansas, that was dismissed. At the pretrial conference on October 19, 2022, Crayton moved to dismiss with prejudice, asserting, among other things, a violation of constitutional speedy trial rights. Crayton relied only on the statement of facts from that motion and the statement of facts from the State's response to his motion to explain the procedural history in 19CR44.

The limited record we have then jumps to January 11, 2023, when Crayton failed to appear for a hearing before the district court. Crayton concedes on appeal he then requested continuances until June 14, 2023.

On June 14, 2023, the district court held a motions hearing addressing Crayton's motion to dismiss. At the hearing, the State filed a second amended complaint charging Crayton with DUI, fourth offense—a felony. It appears the amended complaint was based on Crayton's prior DUI convictions, including the Edwardsville charge that was apparently reversed and dismissed and the two New York DWIs charged in the same indictment.

Crayton responded, asserting the complaint should remain a misdemeanor offense and "[if the State] can establish that there is a fourth at sentencing, then, . . . so be it." The district court granted the State's second motion to amend its complaint for good cause shown.

As for the motion to dismiss, Crayton clarified he was asserting his right to a constitutional speedy trial violation, not a statutory speedy trial violation, and claimed the initial case—19CR44—should count toward his constitutional speedy trial claim. The district court denied Crayton's motion to dismiss, explaining it dismissed 19CR44 and the State, out of necessity, needed to obtain additional documents from the State of New York to establish Crayton's prior DWI convictions before refiling its complaint.

The district court set the case for another preliminary hearing on August 3, 2023, because the State had amended the charge back to a felony. At the hearing in August, the parties acknowledged the district court had already held a preliminary hearing for felony DUI on June 1, 2021, and the district court acknowledged the officer's testimony from that hearing without requiring new or additional testimony. The district court bound Crayton over on the amended felony DUI charge; Crayton pled not guilty and asked the district court to set the matter for jury trial.

The district court offered to set the jury trial on September 25, 2023, but Crayton "couldn't accept that [date]." The district court set the pretrial conference on October 6,

2023, and the jury trial on October 10, 2023. From the limited record we have, it appears Crayton requested a continuance from October 6, 2023, to the end of November and then requested continuances from November 22, 2023, to May 7, 2024.

The limited record suggests Crayton, on May 7, 2024, filed a motion to strike or exclude the prior New York DWIs, but the motion is not in the record on appeal. The district court held a hearing on the motion on June 17, 2024. Crayton argued his motion was not a motion to dismiss but a motion to classify the case as a misdemeanor instead of a felony based on a lack of evidence of three prior DWI convictions in New York. Crayton referenced another Johnson County case—22CR3444—in which the district court had initially ruled Crayton's two prior New York convictions listed in the same indictment but occurring on different dates should only count as one conviction for criminal history purposes. See *State v. Crayton*, No. 127,646, 2025 WL 818177, at *1 (Kan. App.) (unpublished opinion) (reversing district court's ruling and remanding), *rev. denied* 320 Kan. 863 (2025). The district court took Crayton's motion under advisement. Crayton then filed a motion to suppress evidence, which the district court denied on August 26, 2024.

The district court held a pretrial conference on September 13, 2024. Crayton asked the district court to rule on his motion to exclude his prior DWI convictions out of New York, so he knew whether the case was a misdemeanor or a felony—an issue that determined the size of the jury. The district court ruled the charge should proceed as a misdemeanor offense. In light of the case proceeding as a misdemeanor, Crayton waived his right to a jury trial and asked for a bench trial. Based on the district court's ruling, the State filed a third amended complaint charging Crayton with misdemeanor DUI, third offense.

The district court held a bench trial on September 16, 2024, found Crayton guilty as charged in the State's third amended complaint, sentenced Crayton to 12 months in jail, and gave him credit for time served.

ANALYSIS

Crayton claims the district court erred in denying his motion to dismiss on constitutional speedy trial grounds as his trial was delayed over five and one half years from his arrest on January 3, 2019, to his bench trial on September 16, 2024. Crayton asserts the State's vacillation on whether to charge him with a felony or misdemeanor DUI caused most of the delay and the delay prejudiced him in several ways.

"'As a matter of law, appellate courts have unlimited review when deciding if the State has violated a defendant's constitutional right to a speedy trial.'" *State v. Smith*, 320 Kan. 62, 66, 563 P.3d 697 (2025).

"'The Sixth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights both provide a right to speedy trial.'" *State v. Cherry*, 320 Kan. 784, 799, 571 P.3d 976 (2025). Our Supreme Court explained the difficulty in determining precisely when the right to a speedy trial has been denied and relied on a four-factor balancing test in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972): "'(1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant.'" *Cherry*, 320 Kan. at 799-800.

"It is 'the well-established rule that an appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails.'" *State v. Vonachen*, 312 Kan. 451, 460, 476 P.3d 774 (2020); see also Supreme Court Rule 6.02(a)(4), (a)(5) (2026 Kan. S. Ct. R. at 36) (appellant has

6

burden to furnish sufficient record to support claims of error; appellant's claims of error must be supported with specific citations to record on appeal). Crayton failed to provide us with the case file from 19CR44. While 19CR44 is heavily referenced throughout the record in 21CR676, there is no way to verify the record, and we cannot appropriately address Crayton's claim. Crayton's allegation the district court erred in denying his constitutional speedy trial rights by relying on the time consumed in 19CR44 fails.

With that understanding, we will only look at the time in the 21CR676 case to consider Clayton's constitutional speedy trial right. We now consider the four *Barker* factors.

### *Length of delay*

If the length of the delay "'crosse[s] the threshold'" of an ordinary delay and becomes "'presumptively prejudicial'" based on the "'peculiar circumstances of each case,'" the district court must consider the remaining *Barker* factors. *Cherry*, 320 Kan. at 800. There is no predetermined length of time that establishes whether the delay was "'presumptively prejudicial'"; rather, the analysis depends on the facts of each case. That said, "'the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.'" 320 Kan. at 800. "[O]nce [the *Barker*] analysis is triggered, 'the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" 320 Kan. at 800.

In claiming the State violated his constitutional speedy trial rights, Crayton asserts the speedy trial clock started when he was arrested on January 3, 2019, and charged the next day. Crayton complains he was held in custody from April 24, 2023, to September 16, 2024—512 days. The State assumes, without conceding, the five and one half years

7

from when Crayton was arrested until he was brought to trial triggers evaluation of the remaining *Barker* factors.

The State refiled its complaint on March 15, 2021. The time from when Crayton was charged in 2021 to his bench trial on September 16, 2024, is three and one half years. We assume, without deciding, the length of the delay in 21CR676 was presumptively prejudicial. See *State v. Owens*, 310 Kan. 865, 875, 451 P.3d 467 (2019) (finding 19-month delay in simple straightforward aggravated robbery case was "presumptively prejudicial" but ultimately, under all of the facts, finding no constitutional speedy trial violation); *State v. Weaver*, 276 Kan. 504, 510-12, 78 P.3d 397 (2003) (finding 15-month delay in simple straightforward possession of cocaine case was "presumptively prejudicial" but ultimately, under all of the facts, finding no constitutional speedy trial violation).

*Reason for delay*

"A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Barker*, 407 U.S. at 531. Neutral reasons for delay, such as overcrowded courts, should also be weighted, though less heavily as it is the State's responsibility to bring the defendant to trial timely. There are also valid reasons to justify an appropriate delay, such as a missing witness. 407 U.S. at 531.

Based on the limited record on appeal, it is evident many of the delays were caused by Crayton. While there are significant gaps in the record, Crayton concedes many of the delays in 21CR676 were attributable to him. Crayton also caused significant delays by requesting time to research and brief issues then deciding not to brief the issues, failing to appear, and filing various other motions to challenge his prosecution for DUI, which all took time to resolve.

8

Crayton claims the State caused most of the delay by amending the complaint several times but provides no evidence to show the State deliberately attempted to delay the trial to hamper his defense. The limited record suggests the State amended the charge to a misdemeanor and back to a felony in the second amended complaint out of confusion related to Crayton's Edwardsville DUI that was dismissed and the two New York DWIs charged in one complaint. The State then filed a third amended complaint based on the district court's ruling to exclude at least one of Crayton's prior New York convictions, which another panel of our court later determined was error. See *Crayton*, 2025 WL 818177, at *4. Crayton's multiple requests for continuances reflects this factor weighs in favor of the State.

*Assertion of speedy trial right*

Crayton claims he asserted his right to a speedy trial before 21CR676 was filed. But Crayton admits he asserted his *statutory* right to a speedy trial in 19CR44. Even so, we cannot verify his claim without the case file.

"The State has the duty of bringing the defendant to trial. . . . '"[F]ailure to assert the right will make it difficult for the defendant to prove that he was denied a speedy trial."' [Citation omitted.]" *State v. Rivera*, 277 Kan. 109, 117, 83 P.3d 169 (2004).

Crayton asserted his constitutional speedy trial right about a year and a half after the State refiled its charge in 21CR676 and two years before the district court held a bench trial. Once Crayton initially asserted his right, he failed to appear for a hearing to address his motion to dismiss on constitutional speedy trial grounds. Crayton claims he failed to appear because he was in custody in another jurisdiction, but there is no support in the record for his claim. Based on Crayton's concessions on appeal, he caused a majority of the delay after asserting his constitutional speedy trial right.

While we acknowledge Crayton asserted his right to a speedy trial, he cannot complain the State denied him his right to a speedy trial while also causing most of the delay. This factor weighs in favor of the State.

*Prejudice*

Crayton argues he was prejudiced as he suffered oppressive pretrial incarceration by spending more time in custody than the conviction called for and the case was extended "because the [S]tate couldn't charge the case right." Crayton claims the delay caused anxiety and concern, and "[h]ad the case been filed and tried without charging vacillation creating the unnecessary delay, it is very likely the same result would have been achieved in 2019."

In *Barker*, the United States Supreme Court explained:

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last . . . ." 407 U.S. at 532.

See *Rivera*, 277 Kan. at 118 (recognizing these three interests).

With respect to oppressive pretrial incarceration, the parties seem to agree Crayton was incarcerated in 21CR676 from April 2023 until his trial in September 2024. The journal entry of judgment reflects Crayton received 512 days of jail credit in this case. Crayton served nearly 150 days longer than the sentence of 12 months imposed, which would weigh toward oppressive pretrial incarceration.

Crayton argues the delay caused anxiety and concern but admits he cannot demonstrate "'a particularized and substantial showing of anxiety distinguishable from anxiety suffered by other similarly situated defendants.'" See *State v. Bussart-Savaloja*, 40 Kan. App. 2d 916, 925, 198 P.3d 163 (2008).

Crayton emphasizes he was prejudiced because of the State's inability to appropriately charge the case. It is unclear if Crayton is attempting to argue the State's inability to appropriately charge the case impaired his defense. If anything, this argument is incidentally raised and therefore abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Crayton was not prejudiced by the delays when he caused a majority of them by his own actions. When we consider and weigh the four *Barker* factors, we find Crayton's constitutional speedy trial right was not violated.

Affirmed.